Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2572 | **DATE** | 7/16/2001 |
| **CASE TITLE** | Salgado vs. Harvard Collection Services, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Harvard Collection Services' motion to dismiss (14-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 17 2001 | |
| | Notified counsel by telephone. | date docketed | 23 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 7/16/2001 | |
| GL | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 01 JUL 16 PM 7:19 | date mailed notice GL mailing deputy initials |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REENE SALGADO, )
)
Plaintiff, )
) 01 C 2572
v. )
)
HARVARD COLLECTION SERVICES, INC., )
and ASTA FUNDING ACQUISITION, INC., )
)
Defendants. )

DOCKETED
JUL 17 2001

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Renee Salgado brought a complaint against defendants Harvard Collection Services, Inc. ("Harvard") and Asta Funding Acquisition, Inc., ("Asta"), seeking recovery of attorney's fees and litigation costs as well as damages associated with Salgado's defense of an allegedly wrongful collection action brought against him. Count I of the complaint alleges that the defendants violated section 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et.seq. ("FDCPA"). Count II alleges that Harvard and Asta violated sections 9(26), (29), and (30) of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"). Harvard moves to dismiss both counts pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted, arguing that Salgado filed the complaint after the expiration of the FDCPA's statute of limitations. For the following reasons, we deny the motion.

FACTS

The following facts are taken from the pleadings. Both Harvard and Asta are debt collectors as defined in the FDCPA, 15 U.S.C. 1692a(6). Harvard is also a collection agency as defined in the ICAA, 225 ILCS 425/2.02 and 425/3/. In the Spring of 1999, Salgado owed $860.53 to First Card Visa, which turned over the debt to Asta for collection. Asta then retained Harvard to actually collect the debt. Subsequently, Asta sold the debt, which was eventually purchased by Accounts Receivable Services, Inc. ("ARS") on October 8, 1999. Salgado remitted payment to Harvard for the entire

amount on April 10, 2000. Harvard allegedly failed to both notify Asta that it had received the payment as well as remit the payment to Asta.

On May 15, 2000, ARS – unaware of Salgado's payment – sued Salgado in state court for the amount of the debt. Salgado then brought this suit against Harvard and Asta on April 12, 2001, alleging that Harvard's collection of the debt and subsequent failure to report such collection to Asta, the holder of the debt, was an unfair practice in violation of the FDCPA and was also an unfair collection under the ICAA.[1]

Harvard argues that the violation occurred on April 10, 2000, the date Salgado paid the debt, and that because this date is more than a year before Salgado filed suit, we should dismiss the case. Salgado argues that the violation actually occurred on May 15, 2000, when ARS filed suit against him for nonpayment of the debt, and therefore, his suit is timely under the FDCPA's one year statute of limitations.

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Trial Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). When considering a motion to dismiss under Rule 12(b)(6), we take all facts contained in the complaint as true and draw all inferences from those facts in the light most favorable to the plaintiff. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994). We will deny the motion unless it is clear that the plaintiff can prove no set of facts which would support a claim upon which relief could be granted. *Id.*

Section 1692(d) of the FDCPA states:

> (d) Jurisdiction
> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs. 15 U.S.C. 1692k(d).

---

[1] Salgado alleges that Asta is liable for Harvard's actions as its principal.

2

## DISCUSSION

The issue here involves a dispute over exactly what constitutes a violation under the FDCPA as well as when the violation occurred for statute of limitations purposes.

Salgado brought his claim for relief under §1692f of the FDCPA, which states that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Salgado argues that Harvard's failure to notify Asta that it had collected Salgado's debt is an unfair practice under the statute because this failure resulted in ARS filing a suit against Salgado in an attempt to collect a debt that had already been paid. Harvard argues that any alleged failure on its part (which it denies) occurred on the date Salgado paid the debt, April 10, 2000. Since Salgado did not file his lawsuit until April 12, 2001, Harvard argues that the complaint should be dismissed because it is outside of the FDCPA's one year statute of limitations.

In deciding this motion to dismiss, it is not necessary for us to determine exactly what day the violation occurred. Rather, we need only decide whether Salgado's complaint has succeeded in showing that he can prove some set of facts that would entitle him to relief. *Henson,* 29 F.3d at 284. Thus, it is only necessary for us to decide whether it is possible, based on the allegations in the complaint, that the violation occurred on or after April 12, 2000. For the purpose of this motion, we agree with Salgado that the violation occurred not immediately upon his payment of the debt, as Harvard contends, but only after both the payment by Salgado and Harvard's alleged failure to subsequently report that payment to Asta.

Because Salgado alleges in his complaint that Harvard collected the debt from him on April 10, 2000, we take this fact as true. Thus, Harvard failed to notify Asta of the payment either on or sometime after April 10, 2000. It is not clear from the complaint on exactly which date this failure occurred, and the FDCPA does not specify a time for reporting such repayments or define when failure to report may constitute a violation. Drawing all inferences from the complaint in a light most favorable to Salgado, it is reasonable to conclude that the failure to notify occurred at least a day or two past the payment, *i.e.* on April 12, 2000 or later.

3

## CONCLUSION

We therefore deny Harvard's motion to dismiss for failure to state a claim upon which relief can be granted.[2] Because we allow Salgado's federal claim to go forward, we will exercise supplemental jurisdiction over his ICAA claim as well. It is so ordered.

                                                              MARVIN E. ASPEN
                                                            United States District Judge

Dated 7/16/01

---

[2] Because we find that Salgado filed his complaint within the statute of limitations for the FDCPA, it is not necessary for us to reach Harvard's additional argument that the FDCPA's limitations period is jurisdictional and thus not subject to equitable tolling. In any event, we note that the 7th Circuit has stated that the FDCPA's limitations period is not jurisdictional, and thus could be subject to a tolling argument if necessary. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th. Cir. 2000).